UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| KELLY A. ALVAREZ, Individually and as Administratrix of the ESTATE OF ANGEL L. ALVAREZ, JR.<br>Plaintiff, | )<br>)<br>)<br>)<br>) | |
| v. | ) | CAUSE NO.: 2:10-CV-80-PRC |
| | ) | |
| CSX CORPORATION, INC.,<br>CSX TRANSPORTATION, INC.,<br>as the principal operating company thereof,<br>TRANSFLO TERMINAL SERVICES, INC.,<br>as a wholly-owned subsidiary of CSX Corp.,<br>CSX INTERMODAL, INC., as a wholly-owned<br>Subsidiary of CSX Corp., and<br>CSX INTERMODAL TERMINALS, INC.,<br>as a legal entity of CSX INTERMODAL, INC.<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |

**OPINION AND ORDER**

This matter is before the Court on a Defendants' Motion for Summary Judgment [DE 16], filed by Defendants CSX Corporation, Inc., CSX Transportation, Inc., Transflo Terminal Services, Inc., CSX Intermodal, Inc., and CSX Intermodal Terminals, Inc. ("Defendants") on March 29, 2010, and a Motion for Leave for Request for Oral Argument on Motion for Summary Judgment [DE 29], filed by Plaintiff on June 4, 2010. For the following reasons, the Court hereby **GRANTS in part and DENIES in part** the Motion for Summary Judgment [DE 16] and also **DENIES as moot** the Motion for Leave for Request for Oral Argument on Motion for Summary Judgment [DE 29].

**PROCEDURAL BACKGROUND**

On January 8, 2010, Plaintiff Kelly A. Alvarez filed a Complaint, individually and as Personal Representative for the Estate of Angel L. Alvarez, Jr., in the Lake County, Indiana, Circuit Court seeking damages for the wrongful death of her husband, Angel L. Alvarez, Jr. In Count I of

her Complaint, Plaintiff appears to seek compensation for Mr. Alvarez's personal injuries. In Count II, Plaintiff seeks compensation for the wrongful death of Mr. Alvarez, including loss of consortium damages.

On January 8, 2010, Plaintiff also filed a Verified Petition to Appoint Personal Representative, Supervised Estate and for Purpose of Collecting Damages for Wrongful Death in the Lake Circuit Court, which was approved on January 13, 2010.

On February 11, 2010, Defendants filed an Answer to the Complaint denying the material allegations therein and asserting affirmative defenses. On February 16, 2010, Defendants filed a Notice of Removal to this Court. On March 29, 2010, Defendants filed the instant Motion for Summary Judgment and a brief in support, arguing that the Plaintiff cannot recover for Mr. Alvarez's personal injuries, cannot bring claims in her individual capacity, and that the Plaintiff did not file the claim within the statutory time period.

On April 15, 2010, Plaintiff filed a Motion for Appointment of Personal Representiative (sic) Nunc Pro Tunc in the Lake Circuit Court. On May 6, 2010, the Lake Circuit Court entered a Nunc Pro Tunc Order appointing Plaintiff as the personal representative of Mr. Alvarez's estate as of January 8, 2010–the date that Plaintiff filed the Verified Petition to Appoint Personal Representative, Supervised Estate and for Purpose of Collecting Damages for Wrongful Death.

Plaintiff filed a brief in opposition to Defendants' Motion for Summary Judgment on May 10, 2010. In the brief, Plaintiff argues that: she is not seeking damages for Mr. Alvarez's personal injuries; genuine issues of material fact remain in the case; she properly became the personal representative of the estate within the statutory time period via a nunc pro tunc Order issued by the Lake Circuit Court; she is entitled to be recognized as Personal Representative for the estate of Mr.

Alvarez, as the real party in interest; and that she is entitled to loss of consortium damages as part of the wrongful death claim. On June 1, 2010, Defendants filed a reply brief in which they argue that the nunc pro tunc order is ineffective, and that the Plaintiff's failure to become the personal representative of the estate within the required time prevents her from proceeding with the suit.

Plaintiff filed a Motion for Leave for Request for Oral Argument on Motion for Summary Judgment on June 4, 2010, requesting oral argument as to her wrongful death claim. Defendant has failed to file a response brief and the time to do so has passed.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[S]ummary judgment is appropriate–in fact, is mandated–where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted).

3

A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323. The moving party may discharge its "initial responsibility" by simply "'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the non-moving party's case." *Id.* at 325. When the non-moving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *See id.* at 323, 325; *Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 n.3 (7th Cir. 1994); *Fitzpatrick v. Catholic Bishop of Chi.*, 916 F.2d 1254, 1256 (7th Cir. 1990). However, the moving party, if it chooses, may support its motion for summary judgment with affidavits or other materials and thereby shift to the non-moving party the burden of showing that an issue of material fact exists. *See Kaszuk v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*, 791 F.2d 548, 558 (7th Cir. 1986); *Bowers v. DeVito*, 686 F.2d 616, 617 (7th Cir. 1982).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. *See* Fed. R. Civ. P. 56(e)(2); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Rule 56(e) establishes that the opposing party's "response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Thus, to demonstrate a genuine issue of fact, the non-moving party must do more than raise some metaphysical doubt as to the material facts; the non-moving party must come forward with specific facts showing that there is a

genuine issue for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Anderson*, 477 U.S. at 255; *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Anderson*, 477 U.S. at 249-50; *Doe*, 42 F.3d at 443.

## MATERIAL FACTS

At the time of his death, Angel L. Alvarez, Jr. was the husband of Plaintiff Kelly A. Alvarez and stepfather to her daughter. Mr. Alvarez was employed as an electrician by Meade Electric Company. On January 8, 2008, he was sent by his employer to Defendant Transflo's Distribution Center to determine the cause of a loss of power in the south bank of the yard lights in the rail yard. Once at the yard, Mr. Alvarez and his coworker William Purcell met with Transflo Site Operations Manager Donald Ballassai. Mr. Ballassai did not alert either Mr. Alvarez or Mr. Purcell to any hazards located in the yard. In the course of his work repairing the power outage Mr. Alvarez discovered a damaged conductor line. Before Mr. Alvarez attempted any work on the conductor, Mr. Purcell turned the manual switch that controlled the power to both the north and south lights of the yard to the "off" position. However, Mr. Alvarez was subsequently electrocuted when he attempted to repair the damaged conductor.

Plaintiff's expert witness, Herbert W. Craig, P.E., preliminarily concluded that Mr. Alvarez died as a direct result of his electrocution.

## ANALYSIS

### A. Defendants' Motion for Summary Judgment

Defendants seek summary judgment in their favor on the claims in Plaintiff's Complaint for personal injuries, claims brought in the Plaintiff's individual capacity, and wrongful death under Ind. Code § 34-23-1-1. The Court considers each argument in turn.

*1. Plaintiff's Claim for Personal Injuries*

In Count I of the Complaint, the Plaintiff alleges that as a result of the electrocution, Mr. Alvarez "suffered great physical pain and mental suffering, terror, fright, humiliation, and sustained fatal personal injuries, as well as other injuries and damages of a personal and pecuniary nature," Pl.'s Compl. at ¶ 24, and seeks damages. The common law of Indiana provides no recourse for the death of a spouse. *Kohn v. Norfolk & W. Ry. Co.*, 966 F. Supp. 789, 792 (N.D. Ind. 1997). Therefore, the only possible recovery open to the Plaintiff on this claim is through Indiana statutes.

The Indiana survival statute provides that if an individual with a cause of action dies, most causes of action survive and may be brought by the "representative" of the deceased. Ind. Code § 34-9-3-1. However, among the exceptions created by the statute are "personal injuries to the deceased party." *Id.* Furthermore, the Plaintiff may maintain a cause of action based on the personal injuries of the deceased only if the deceased "(1) receives personal injuries caused by the wrongful act or omissions of another; and (2) subsequently dies from causes *other than those personal injuries*." Ind. Code § 34-9-3-4 (emphasis added). Taken as a whole, "[s]ections 1 and 4 of the Survival Act provide that if an individual who has a personal injury claim or cause of action

6

dies, the claim or cause of action does not survive and may not be brought by the representative of the deceased party unless the individual dies from causes other than those personal injuries." *Ellenwine v. Fairley*, 846 N.E.2d 657, 661 (Ind. 2006).

In the present case, Plaintiff alleges that Mr. Alvarez's personal injuries were the direct result of his electrocution and the electrocution was the direct cause of his death. Therefore, the Plaintiff is barred from recovering for the personal injuries suffered by Mr. Alvarez and summary judgment must be granted in Defendants' favor as to Plaintiff's claims for Mr. Alvarez's personal injuries.[1]

*2. Plaintiff's Claims Brought in Her Individual Capacity*

In her Complaint, the Plaintiff asserts claims against the Defendants for the wrongful death of her husband both "individually and as Administratix of the Estate" of Mr. Alvarez, including loss of consortium damages. Compl. at 1, 6, 7. A claim for wrongful death must be brought under the state's wrongful death statute, because no such action existed at common law. *Durham ex rel. Estate of Wade v. U-Haul Int'l*, 745 N.E.2d 755, 758 (Ind. 2001). Indiana courts have repeatedly held that only the personal representative may maintain a cause for wrongful death. *City of Terre Haute v. Simpson*, 746 N.E.2d 359, 363 (Ind. Ct. App. 2001); *see also White v. Gerardot*, No. 1:05-CV-382, 2008 WL 534812, at *3 (N.D. Ind. Feb. 25, 2008) (explaining that while the wrongful death statute "does afford the recovery of damages for the loss of an adult's love and companionship if the death of that adult is caused by the wrongful act or omission of another person, the statute specifically states that '*only the personal representative*' of the adult may maintain the action.") (emphasis in original). Therefore, the Plaintiff may recover loss of consortium damages as a part of her wrongful death claim, but she may not bring a separate cause of action for loss of consortium

---

[1] Further, in her response brief, Plaintiff acknowledges that she recognizes that she may not recover for Mr. Alvarez's personal injuries. *See* Pl.'s Resp. Br. at 6.

7

in her individual capacity. *See Bemenderfer v. Williams*, 745 N.E.2d 212, 219 (Ind. 2001) (providing that a wrongful death action is the driver for a loss of consortium claim). Therefore, Plaintiff may not bring individual claims as part of her wrongful death action and the Defendants' Motion for Summary Judgment must be granted.

*3. Plaintiff's Claim for Wrongful Death*

The Indiana wrongful death statute provides, in pertinent part:

> When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, if the former might have maintained an action had he or she, as the case may be, lived, against the latter for an injury for the same act or omission. When the death of one is caused by the wrongful act or omission of another, the action shall be commenced by the personal representative of the decedent within two (2) years . . . .

Ind. Code § 34-23-1-1. Both the requirement to be appointed as the personal representative within two years and the requirement to file the suit within two years are conditions precedent to the existence of a wrongful death claim. *Daniels v. USS Agri-Chemicals*, 965 F.2d 376, 380 (7th Cir. 1992). Because the two year requirement is a condition precedent and not a statute of limitations, the wrongful death statute is not subject to tolling. *Southerland v. Hammond*, 693 N.E.2d 74, 77 (Ind. Ct. App. 1998).

In the present case, the Plaintiff filed this action for wrongful death on January 8, 2010, exactly two years after Mr. Alvarez's death. That same day, the Plaintiff filed a Verified Petition to Appoint Personal Representative, Supervised Estate and for Purposes of Collecting Damages for Wrongful Death. However, the Plaintiff was not appointed as the personal representative until

January 13, 2010, which falls beyond the two year condition precedent.[2] The Defendants contend that this case is factually identical to *General Motors Corp. v. Arnett*, in which the plaintiff filed suit within the two year requirement but did not become the personal representative until four months after the time to do so had passed. 418 N.E.2d 546, 547 (Ind. Ct. App. 1981). The *Arnett* court held that because the plaintiff failed to meet the condition precedent, she lost her statutory right to bring suit for wrongful death. *Id.* at 548. However, there are additional factors in the present case that distinguish it from *Arnett*.

On May 6, 2010, the Lake Circuit Court issued a nunc pro tunc order effectively back dating the Plaintiff's appointment as the personal representative of Mr. Alvarez's estate to January 8, 2010. Pl. Resp., Ex. D at 31. The Indiana Court of Appeals has defined a nunc pro tunc order as:

> an entry made now of something which was actually previously done to have effect as of the former date. A nunc pro tunc entry may be used to record an act or event not recorded in the court's order book or to change or supplement an entry already recorded in the order book. The purpose of a nunc pro tunc order is to correct an omission in the record of action really had but omitted through inadvertence or mistake. But the record must establish that the unrecorded act or event actually occurred. A written memorial must form the basis for establishing the error or omission to be corrected by a nunc pro tunc entry. A nunc pro tunc entry can not (sic) be used as the medium where a court can change its ruling actually made, no matter how erroneous or no matter whatever mistakes of law or fact were made in reaching the ruling.

*Grayson v. Union Federal Savings & Loan Ass'n of Crawfordsville*, 851 N.E.2d 1017, 1020 (Ind. Ct. App. 2006)(citing *Brimhall v. Brewster*, 835 N.E.2d 593, 597 (Ind. Ct. App. 2005)) (citations omitted). The Lake Circuit Court has properly used the nunc pro tunc order, not to change any rulings, but to correct the inadvertence of appointing the Plaintiff as the personal representative of

---

[2] This is apparently due to the Lake Circuit Court's Probate Commissioner not being available to review the Plaintiff's filing on January 8, 2010. Instead, the Probate Commissioner reviewed the filing on January 12, 2010, the next day that he was available. The Lake Circuit Court Judge subsequently approved the filing on January 13, 2010. *See* Pl. Resp., Ex. D at 37-41.

Mr. Alvarez's estate five days after the Plaintiff filed her motion. The Defendants continue to insist that *Arnett* remains controlling, but are unable to provide any authority which renders the nunc pro tunc order here ineffective. The nunc pro tunc order effectively changes the record to show that the Plaintiff was appointed as the personal representative of her husband's estate within the proper two year time period under the wrongful death statute. Therefore, the Plaintiff has the right to bring this wrongful death suit as the personal representative of Mr. Alvarez's estate.

Furthermore, the Plaintiff insists that she has the right to file a Motion to Substitute the Real Party in Interest within a reasonable amount of time upon the denial of the Defendants' Motion for Summary Judgment. The Defendants maintain that "an amended complaint will relate back if the claimant gains the appropriate legal status within the statute of limitations." *Faris v. AC and S, Inc.*, 842 N.E.2d 870, 875 (Ind. Ct. App. 2006) (interpreting Indiana Trial Rules 15 and 17, which are similar to Federal Rules of Civil Procedure 15 and 17). As discussed above, the Lake Circuit Court's nunc pro tunc order means that the Plaintiff has complied with the two year condition precedent set under the Indiana wrongful death statute. As such, the Plaintiff is free to file a motion to substitute herself as the real party in interest under Federal Rules of Civil Procedure 15 and 17.[3]

This Court finds as a matter of law that Plaintiff was appointed within the two year period of time. Accordingly, Defendants' Motion for Summary Judgment on Plaintiff's wrongful death claim is denied because Defendants are not entitled to judgment as a matter of law.[4]

---

[3] Because this case has been removed to this Court, the Federal Rules of Civil Procedure apply. However, Rules 15 and 17 are similar to Indiana Trial Rules 15 and 17.

[4] Plaintiff also contends that "as a matter of equity under the applicable Indiana law", Pl.'s Resp. Br. at 8, she should be recognized as the lawfully appointed personal representative for Mr. Alvarez's estate. However, other than making this request, Plaintiff fails to provide supporting argument or cite supporting law. "An underdeveloped argument, or argument not raised at all, is a waived argument." *Beverly v. Depuy Orthopaedics, Inc.*, No. 3:07-CV-137-AS, 2008 WL 45357, at *2 (N.D. Ind. Jan. 2, 2008). Accordingly, the Court need not address this argument.

### B.  Plaintiff's Motion for Oral Argument on Motion for Summary Judgment

In Plaintiff's Motion for Leave for Request for Oral Argument on Motion for Summary Judgment, Plaintiff requests oral argument regarding her wrongful death claim.  However, because the Court has denied the Defendants' Motion for Summary Judgment on the Plaintiff's wrongful death claim, the Plaintiff's Motion is denied as moot.

### CONCLUSION

Based on the foregoing, the Court hereby **GRANTS in part and DENIES in part** the Defendants' Motion for Summary Judgment [DE 16].  The Court **GRANTS** the motion as to Plaintiff's personal injury and individual capacity claims.  The Court **DENIES** the motion as to Plaintiff's wrongful death claim.

The Court also **DENIES as moot** the Motion for Leave for Request for Oral Argument on Motion for Summary Judgment [DE 29].

SO ORDERED this 14th day of July, 2010.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATE DISTRICT COURT

cc:  All counsel of record