UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KELLY A. ALVAREZ, Individually and as Administratrix of the ESTATE OF ANGEL L. ALVAREZ, JR., <br>     Plaintiff, <br><br> v. <br><br> CSX CORPORATION, INC., *et al.*, <br>     Defendants. <br>_____ <br><br> TRANSFLO TERMINAL SERVICES, INC., *et al.,* <br>     Cross Claimants, <br><br> v. <br><br> SAVAGE SERVICES CORPORATION, <br>     Cross Claim Defendant. | CAUSE NO.: 2:10-CV-80-PRC |

## OPINION AND ORDER

This matter is before the Court on:

(1) Savage Services Corporation's Motion to Dismiss [DE 77], filed by Defendant Savage on September 14, 2012;

(2) Defendants' Joint Motion for Summary Judgment [DE 75], filed by Defendants on September 14, 2012;

(3) TRANSFLO and CSX Defendants' Motion to Strike Inadmissible Evidence Cited in Response to Defendants' Motion for Summary Judgment [DE 102], filed by Defendants on November 15, 2012; and

(4) Savage Services Corporation's Objection to and Motion to Exclude Exhibit B [DE 106], filed by Defendant Savage on January 10, 2013.

## PROCEDURAL HISTORY

On January 8, 2010, Plaintiff Kelly A. Alvarez filed a Complaint as personal representative of the Estate of Angel L. Alvarez, Jr., in Lake County Circuit Court, for the wrongful death of her husband as the result of the alleged carelessness, recklessness, and negligence of Defendants CSX Corporation ("CSX"), CSX Transportation, Inc. ("CSXT"), CSX Intermodal, Inc. ("CSXI"), and CSX Intermodal Terminals, Inc. ("CSXIT") (collectively, the "CSX Defendants") and TRANSFLO Terminal Services, Inc. On February 11, 2010, Defendants filed an Answer and affirmative defenses, and on February 16, 2010, they removed the action to this Court.

On March 29, 2010, Defendants filed a Motion for Summary Judgment, and at a preliminary pretrial conference on April 15, 2010, the parties agreed to limit discovery while the Motion was pending. The Court issued a scheduling order setting a deadline of 60 days after the Court's ruling on the Motion for Summary Judgment for Plaintiff to file an amended complaint without seeking leave of court. On July 14, 2010, the Court issued an Order granting in part the Motion for Summary Judgment dismissing Plaintiff's claims for Alvarez's personal injuries and the claims for loss of consortium brought in her individual capacity.

On September 13, 2010, Plaintiff filed an Amended Complaint adding Defendant Savage Services Corporation. On September 24, 2010, the CSX Defendants and TRANSFLO filed an Answer to the Amended Complaint and a cross-claim for indemnification against Savage. On November 10, 2010, Defendant Savage filed its Answer to Plaintiff's Amended Complaint and affirmative defenses, including the defense that Plaintiff's claims were barred by the applicable statute of limitations.

On September 14, 2012, Defendants filed a joint Motion for Summary Judgment. On

October 29, 2012, Plaintiff filed a response. On November 15, 2012, TRANSFLO and the CSX Defendants filed a reply and Savage filed a separate reply. Also on November 15, 2012, TRANSFLO and the CSX Defendants filed a Motion to Strike. Plaintiff has not filed a response and the time to do so has passed.

On September 14, 2012, Savage filed a Motion to Dismiss. On October 16, 2012, Plaintiff filed a response, including exhibits, and on October 23, 2012, Savage filed a reply, including its own evidence and statement of material facts. On November 15, 2012, the Court held a telephonic conference at which the parties agreed that Savage's Motion should be converted to a Motion for Summary Judgment and the Court set deadlines for additional briefing. On December 15, 2012, Plaintiff filed an additional response brief and on January 10, 2013, Savage filed an additional brief in reply. Also on January 10, 2013, Savage filed a Motion to Strike. Plaintiff has not filed a response and the time to do so has passed.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

**SUMMARY JUDGMENT STANDARD**

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322

(1986) (citing Fed. R. Civ. P. 56(c)). "[S]ummary judgment is appropriate – in fact, is mandated – where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotations omitted).

A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323; Fed. R. Civ. P. 56(c). The moving party may discharge its initial responsibility by simply "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. When the nonmoving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Celotex*, 477 U.S. at 323, 325; *Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 n.3 (7th Cir. 1994); *Fitzpatrick v. Catholic Bishop of Chi.*, 916 F.2d 1254, 1256 (7th Cir. 1990). However, the moving party, if it chooses, may support its motion for summary judgment with affidavits or other materials, and, if the moving party has "produced sufficient evidence to support a conclusion that there are no genuine issues for trial," then the burden shifts to the nonmoving party to show that an issue of material fact exists. *Becker v. Tenenbaum-Hill Assoc.*, 914 F.2d 107, 110-111 (7th Cir. 1990) (citations omitted); *see also Hong v. Children's Mem'l Hosp.*, 993 F.2d 1257, 1261 (7th Cir. 1993).

Once a properly supported motion for summary judgment is made, the non-moving party

cannot resist the motion and withstand summary judgment by merely resting on its pleadings. *See* Fed. R. Civ. P. 56(e); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Rule 56(e) provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion [or] grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it . . . ." Fed. R. Civ. P. 56(e)(2), (3); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Thus, to demonstrate a genuine issue of fact, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts," but must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis in original).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Anderson*, 477 U.S. at 255; *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009); *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Anderson*, 477 U.S. at 249-50.

**FACTUAL BACKGROUND**

On January 8, 2008, journeyman electrician Angel L. Alvarez, Jr., was killed by electrocution while working at Defendant TRANSFLO's Distribution Center Yard. Alvarez was employed as an electrician by Meade Electric Co., Inc., for whom he had worked since completion of an electrical

5

workers' apprenticeship program at the top of his class.

Defendant TRANSFLO leased the Terminal from Defendant CSX Transportation, Inc. Defendant Savage Services Corporation operated the Terminal for TRANSFLO as an independent contractor, and was responsible for conducting and supervising operations in the Terminal.

At the time of the incident, the Terminal had an ungrounded 480-volt, three phase delta electrical system, a type of system often used for industrial sites using heavy equipment and machinery. The lighting circuit was made up of two insulated current-carrying conductor wires wrapped around an uninsulated messenger wire that provided the strength to carry the conductor wires between poles and served as a ground reference for the lighting circuit. The Terminal's electrical system complied with the National Electric Code at the time of the incident.

For years, Meade had been the contractor hired for all electrical problems at the Terminal. It provided services to the Terminal on an on-call basis, and Meade employees frequently repaired lighting problems at the Terminal. Meade's electricians were responsible for identifying and fixing the electrical problems they were sent to address, including shutting off the power if needed. The electricians were required to follow Meade's training and procedures. Meade also regularly performed repairs on other ungrounded delta systems.

On January 8, 2008, Savage's Terminal Operation Manager called Meade to report a lighting outage, apparently due to a lightning strike during a thunderstorm that morning that damaged a conductor wire. Meade sent electricians Alvarez and his working foreman, William Purcell, to the Terminal. They met with the Operation Manager and were told that lights had gone out on the south side of the Terminal. They began to take voltage readings to investigate the cause of the outage. Alvarez noticed a break in the line. His handheld proximity tester indicated the presence of voltage

in the line, although his contact tester indicated that the conductor wires were not energized. Alvarez continued to work on the line without using protective equipment or requesting that the power be turned off. When he touched the two sides of the broken messenger line with his bare hands, he was electrocuted.

Plaintiff, as representative of the estate of Alvarez, seeks recovery for compensatory damages arising out of his accident and death.

## ANALYSIS

**A.   Motions to Strike**

Defendant TRANSFLO and the CSX Defendants request that the Court strike inadmissible evidence cited by Plaintiff in response to Defendants' Motion for Summary Judgment. Plaintiff has not responded to the Motion and the time to do so has passed. The Court has considered Defendants' arguments in the Motion to Strike, and concludes that the evidence identified by Defendants should be stricken from the record: the Court will not consider the inadmissible hearsay from the deposition of Charles Anderson describing what others have told him and will not consider the unsupported statements of Plaintiff identified by Defendants. The facts as laid out above do not include these assertions of Plaintiff that are not supported by the evidence in the record.

Defendant Savage requests that the Court exclude Exhibit B to Plaintiff's response to Defendant Savage's Motion for Summary Judgment. Plaintiff has not responded to the Motion and the time to do so has passed. Savage Services argues that the exhibit, which consists of a letter prepared by an attorney for a nonparty, a privilege log, Meade work orders, and a photograph of a sign, do not contain admissible evidence and are not relevant for the purpose for which they are offered.

Plaintiff cites to the exhibit in her response brief in order to show the connection between CSX Transportation, Inc., TRANSFLO, and Savage, but the letter and work orders relate to Meade, a non-party, and the privilege log describes documents that explicitly have not been included in evidence. The photograph bears no apparent relationship to any part of the case. As Savage argues, the materials are not admissible evidence and are therefore stricken from the record.

**B.     Savage's Motion for Summary Judgment**

Savage argues that it should be dismissed from the case because the Amended Complaint first naming Savage as a party defendant was filed more than eight months after the expiration of the applicable statute of limitations. Plaintiff argues that the Court's case management order operated to toll the statute of limitations and that the Amended Complaint relates back to the time the original Complaint was filed because Savage was closely related to Defendant TRANSFLO. Savage also argues, and Plaintiff acknowledges, that the personal injury claims brought in her individual capacity are not allowed under Indiana law, and these claims are therefore dismissed.

Although titled a Motion to Dismiss, Savage's initial motion came after its Answer and was therefore a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See Alioto v. Town of Lisbon*, 651 F.3d 715, 718 (7th Cir. 2011). However, Plaintiff attached evidence to the response brief, and, in accordance with Rule 12(d), the Court converted the Motion to one for summary judgment and ordered additional briefing to make sure the parties were "given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *see also Loeb Indus., Inc. v. Sumitomo Corp.*, 306 F.3d 469, 479 (7th Cir. 2002).

As described above, the CSX Defendants and TRANSFLO filed a Motion for Summary Judgment on March 29, 2010, and the Court entered a scheduling order limiting discovery pending

8

ruling on the Motion and extending the deadline for filing an amended complaint without leave of court. Plaintiff contends that the Court's grant of leave to file an amended pleading under Federal Rule of Civil Procedure 15(a)(2) also acted to toll the statute of limitations.

Indiana law governs the statute of limitations and the doctrine of equitable tolling in this case. *See Hollander v. Brown*, 457 F.3d 688, 694 (7th Cir. 2006). In Indiana, a statute of limitations is tolled only if: (1) a timely-filed case in federal court is dismissed for lack of diversity jurisdiction; (2) "if fraud or fraudulent concealment has occurred;" or (3) " if the plaintiff suffers from a legal disability." *Trzeciak v. State Farm Fire & Cas. Co.*, 809 F. Supp. 2d 900, 911 (N.D. Ind. 2011). Scheduling orders and procedural rulings are not included in this list, and Plaintiff does not contend that any of these three circumstances exist. Rather, she cites to the standard for extension of time for service of process under Federal Rule of Civil Procedure 4(m). The Rule 4(m) standard of "good cause" is not the standard applied under Indiana law of equitable tolling. *See Trzeciak*, 809 F. Supp. 2d at 911.

The Court's case management deadline did not operate to extend the Indiana statute of limitations, and, even had that been the Court's intent, "[d]istrict judges lack authority to extend statutory periods of limitations." *Lee v. Cook County*, 635 F.3d 969, 972 (7th Cir. 2011). Accordingly, the statute of limitation was not tolled.

Plaintiff also argues that the claim against Savage in the Amended Complaint is not barred by the statute of limitations because it relates back to the time of the original Complaint under Rule 15(c). Under Federal Rule of Civil Procedure 15(c),

> An amendment to a pleading relates back to the date of the original pleading when:
> (A) the law that provides the applicable statute of limitations

9

>allows relation back;
>(B)  the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>(C)  the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>>(i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>(ii)  knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1). The parties agree that the requirements of subsections (A) and (B) have been met, so the question before the Court is whether, within the 120 days after the Complaint in this case was filed as provided by Rule 4(m), "the defendant who is sought to be added by the amendment knew or should have known that the plaintiff, had it not been for a mistake, would have sued him instead or in addition to suing the named defendant." *Joseph v. Elan Motorsports Techs. Racing Corp.*, 638 F.3d 555, 560 (7th Cir. 2011). "'[R]elation back' on grounds of 'mistake concerning the identity of the proper party' does not apply where the plaintiff simply lacks knowledge of the proper defendant," and "[i]t is the plaintiff's responsibility to determine the proper party to sue and to do so before the statute of limitations expires." *Hall v. Norfolk S. Ry. Co.,* 469 F.3d 590, 596 (7th Cir. 2006) (applying an earlier version of Rule 15).

Savage has attached affidavits demonstrating that it had no notice of initiation of the lawsuit within that 120-day period proscribed by Rule 4(m). Plaintiff does not point to any evidence that Savage had actual knowledge that it was a proper defendant, but argues that the contractual relationship between Savage and TRANSFLO establishes identity of interest between the original defendants and Savage, and allows for the Court to impute notice of the suit to Savage from the time

that the original Defendants were served.

Courts have applied the "identity of interest principle" to conclude that an unnamed party had notice of a lawsuit in situations "where the original and added parties are a parent corporation and its wholly owned subsidiary, two related corporations whose officers, directors, or shareholders are substantially identical and who have similar names or share office space, past and present forms of the same enterprise, or co-executors of an estate." *Norton v. Int'l Harvester Co.*, 627 F.2d 18, 21 (7th Cir. 1980). Plaintiff argues that "Savage and TRANSFLO may not be subsidiaries or related by way of shared officers, directors, or shareholders but they are so closely related in business or other activities that it is fair to presume they learned of the cause of action shortly after it was commenced." Pl. Resp. Br. 14 [DE 104]. As evidence of the alleged shared identity of the parties, Plaintiff attaches the Master Terminal Services Agreement setting out the contractual relationship between TRANSFLO and Savage and describing the services provided by Savage for TRANSFLO, and argues that the fact that Savage operates a business unit specifically to provide services to TRANSFLO indicates that the two are so closely-related that Savage should have known that Plaintiff intended to sue it. Plaintiff also argues that the fact that Savage knew about the incident indicates that Savage and TRANSFLO are closely-related, but does not explain why shared knowledge of an accident is commensurate with shared identity.

Savage argues that the only relationship between the parties is governed by business contracts. TRANSFLO and the CSX Defendants, in a brief responding to Plaintiff's contentions, affirm that they are distinct and separate entities from Savage and that TRANSFLO's relationship with Savage is purely contractual. Expanding the identity of interest principle to conclude that any two parties who have contracted for business services are sufficiently related to impute notice would

11

relieve the concept of "identity of interest" of any meaning. Plaintiff has not provided any evidence that indicates that Savage and TRANSFLO have anything like the kind of close relationship that is required in order for there to be relation back to the original Complaint under Rule 15(c). *Cf. Joseph*, 638 F.3d at 560 (finding identity of interest where "[t]he two corporations are pieces of a dizzying array of corporate entities all of which, it seems . . are managed out of the same office" and have nearly identical names, and the employee on whom the original complaint was served "was a de facto employee of [the proper defendant] when supervising [plaintiff]'s performance of his contract with that firm" and "had to know, as soon as he received the complaint, that [the plaintiff] meant to sue Elan Inc. rather than Elan Corp.")

To the extent that Plaintiff is also arguing that Savage had actual notice that it would have been named as a defendant absent Plaintiff's mistake, this argument also fails. Plaintiff suggests that Savage must have learned about the lawsuit because it has offices on the TRANSFLO site and knew about the accident when it happened, but provides no evidence that Savage had actual knowledge that Plaintiff intended to name Savage as a party defendant.

There is no indication that Defendant Savage received notice of the action or should have known it was a defendant within the applicable time period. Accordingly, Plaintiff's claims against Defendant Savage are barred by the statute of limitations.

## C. TRANSFLO and CSX Defendants' Motion for Summary Judgment

### I. Proper Defendants

Defendants argue that only TRANSFLO and Savage are the proper party defendants because CSX Corporation, Inc., CSX Transportation, Inc., and CSX Intermodal Terminals, Inc., have no connection with the claims in the lawsuit. Defendants explain that none of the CSX Defendants have

any connection with the operation of the terminal. Plaintiff argues that the evidence Defendants present is insufficient to determine if the CSX Defendants bear any liability, but does not present any evidence of her own. Plaintiff has had plenty of opportunity

The party contesting summary judgment has an obligation "to highlight which factual averments are in conflict as well as what record evidence there is to confirm the dispute." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 921-922 (7th Cir. 1994); *see also Little v. Cox's Supermkts*, 71 F.3d 637, 641 (7th Cir. 1995). Plaintiff cannot just assert that the CSX Defendants might be liable without any evidence to support her claims, especially since she has had notice since Defendants' Answer on September 24, 2010, that the CSX Defendants are taking the position that they "are not proper party defendants in this case, as they did not own, control, or otherwise owe any duty to maintain or inspect the premises or instrumentalities involved in the incident described in Plaintiff's Amended Complaint." Defs.' Ans. at 2 [DE 41]. "[S]ummary judgment 'is the "put up or shut up" moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events.'" *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003) (quoting *Schacht v. Wisconsin Dep't of Corr.*, 175 F.3d 497, 504 (7th Cir.1999)). Because Plaintiff has not identified any evidence to counter Defendants' supported assertion that the CSX Defendants are not proper party defendants, Defendants' Motion is granted as to these parties and Defendants CSX Corporation, Inc., CSX Transportation, Inc., and CSX Intermodal Terminals, Inc., are dismissed as party defendants.

II.     Duty Owed to Alvarez

Defendants argue that they did not breach any duty owed to Alvarez so there can be no liability under Indiana tort law for failure to provide a safe workplace or under a theory of premises

liability. Plaintiff argues that the jury should decide whether there was a breach of duty.

To prevail on a claim for negligence, a plaintiff must establish that (1) the defendant owed a duty to the plaintiff, (2) the defendant breached that duty, and (3) the breach of duty proximately caused the injury to the plaintiff. *Harradon v. Schlamandinger*, 913 N.E.2d 297, 300 (Ind. Ct. App. 2009). Under Indiana law, "[a] landowner's liability to persons on the premises depends on the person's status as a trespasser, licensee, or invitee." *Kopczynski v. Barger*, 887 N.E.2d 928, 931 (Ind. 2008). The question of what duty is owed to the plaintiff is a question of law for the Court. *Wingett v. Teledyne Industries, Inc.*, 479 N.E.2d 51, 54 (Ind. 1985). However, a jury typically must determine whether there has been "a breach of duty, which requires a reasonable relationship between the duty imposed and the act alleged to have constituted the breach," so summary judgment is rarely appropriate in negligence cases. *Kroger Co. v. Plonski*, 930 N.E.2d 1, 9 (Ind. 2010) "Only where the facts are undisputed and lead to but a single inference or conclusion may the court as a matter of law determine whether a breach of duty has occurred." *Id*. Defendants argue that the undisputed material facts lead to the single conclusion that Defendants did not breach any duty owed to Alvarez. Plaintiff argues that the question is properly one for a jury.

In general, the owner of property "is under a duty to keep the property in a reasonably safe condition for business invitees, including employees of independent contractors." *Merrill v. Knauf Fiber Glass GmbH*, 771 N.E.2d 1258, 1264-65 (Ind. Ct. App. 2002). The extent of the duty is related to the circumstances under which the independent contractor is invited onto the land, *Bateman v. Cent. Foundry Div., Gen. Motors Corp.*, 822 F. Supp. 556, 563 (S.D. Ind. 1992); and the owner's duty to an independent contractor is not as extensive as the duty of an employer to furnish a safe workplace for an employee. *Merrill*, 771 N.E.2d at 1264-65.

Plaintiff also refers to the Master Terminal Services Agreement between Savage and TRANSFLO, apparently intending to imply that the Agreement creates a greater duty of care. The Agreement governs the relationship between TRANSFLO and Savage, describing the services provided by Savage for TRANSFLO and the division of responsibilities in that relationship. Plaintiff does not develop an argument that the Agreement creates a duty of care to independent contractors. The sections of the Agreement cited to by Plaintiff merely lay out which of the two parties bears responsibility for specific components of terminal operation and requires the parties to comply with industry standards and applicable laws. There is no apparent creation of any duty beyond that created by Indiana law. *See Marks v. N. Ind. Pub. Serv. Co.*, 954 N.E.2d 948, 954 (Ind. Ct. App. 2011) ("[Indiana] courts have refused to extend a specific duty to an owner where the contract merely prescribes safety rules and requires the independent contractor to observe those rules or any laws relating to safety.") (quoting *Merrill*, 771 N.E.2d at 1269-70).

The Restatement (Second) of Torts, adopted in Indiana, subjects a possessor of land to liability for injuries to invitees caused by a condition on the land only if the possessor meets three requirements: (1) the possessor "knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm" to the invitee; (2) the possessor should expect that the invitee "will not discover or realize the danger, or will fail to protect themselves against it;" and (3) the possessor "fails to exercise reasonable care to protect [the invitee] against the danger." Restatement (Second) of Torts § 343 (1965); *see also Smith v. Baxter*, 796 N.E.2d 242, 244 (Ind. 2003) (applying Section 343 of the Restatement). The Restatement provides that the possessor of land bears no liability if the harm is caused to the invitee "by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should

15

anticipate the harm despite such knowledge or obviousness." Restatement (Second) of Torts § 343A (1965). "The comparative knowledge of a possessor of land and an invitee regarding known or obvious dangers may properly be taken into consideration in determining whether the possessor breached the duty of reasonable care under Sections 343 and 343A of the Restatement (Second) of Torts." *Baxter*, 796 N.E.2d at 245.

Accordingly, the breach occurs and "[a] landowner is liable to an independent contractor if it actively participates in the negligent act causing injury or if it fails to warn of hidden dangers on the premises that it knew of or ought to have known of and that the contractor did not know of." *Bafia v. N. Ind. Pub. Serv. Co.*, 993 F.2d 1306, 1309 (7th Cir. 1993) (citing *Persinger v. Marathon Petrol. Co.*, 699 F. Supp. 1353, 1361-62 (S.D. Ind. 1988); *Nagler v. U.S. Steel Corp.*, 486 F.2d 794, 797 (7th Cir. 1973)). "Landowners often hire independent contractors to take advantage of the special skill or knowledge the contractor possesses," so in situations where the invitee is an independent contractor, there is only landowner liability if "the landowner has unique knowledge not imparted to the independent contractor." *PSI Energy, Inc. v. Roberts*, 829 N.E.2d 943, 960 (Ind. 2005), *aff'd on reh'g*, 834 N.E.2d 665 (Ind. 2005), *abrogated on other grounds by Helms v. Carmel High Sch. Vocl. Bldg. Trades Corp.*, 854 N.E.2d 345 (Ind. 2006).

The question before the Court, then, is whether there is a question of material fact as to whether Defendants had or should have had unique knowledge of a dangerous condition that they did not impart to Alvarez. Defendants argue that they had no superior knowledge of any of the conditions that Plaintiff's expert has identified as hazardous. Plaintiff argues that Defendants should have discovered the dangerous condition, should have expected that Alvarez would not discover or protect himself against it, and failed to exercise reasonable care to protect Alvarez from the

dangerous condition.

Plaintiff's primary argument is that Defendants should have anticipated injury because the ungrounded electrical system is inherently dangerous when used without a ground detector. Defendants argue that, even assuming the system is unsafe, neither TRANSFLO nor Savage is an expert in electricity. The companies depend on contractors such as Meade for electrical repairs, but no electrician or electrical company had recommended the installation of a ground detector or indicated to either TRANSFLO or Savage that the system was unsafe. Defendants also argue that the system is not inherently unsafe, noting that ungrounded facilities are common. Furthermore, Defendants assert, and Plaintiff's expert agrees, that the system was in compliance with the National Electric Code at the time of the accident. Despite conceding that fact, Plaintiff argues that "[u]nder the applicable legal standards, Defendant cannot simply hide behind the grand fathered non-requirement provisions of the Code." Pl. Resp. Br. 22 [DE 94]. Plaintiff does not, however, identify these applicable legal standards, nor does she cite to any precedent or point to any actual knowledge Defendants had or reasonably should have discovered indicating that, despite the fact that it met the Code, the system was inherently unsafe. Adoption of Plaintiff's contention would lead to an absurd expansion of liability, essentially requiring landowners to hire external auditors to examine their property for any possible perceived weakness, even if all systems on the property comply with applicable safety and statutory guidelines.

Plaintiff argues that Alvarez did not have any superior knowledge or at the very least that there is a dispute of fact as to whether he had superior knowledge about the electrical system. In particular, Plaintiff argues that there is "conflicting evidence" that Alvarez knew of specific problems on the Terminal premises, but that since Defendants were responsible for maintaining the

premises Defendants had or should have had knowledge of the electrical problems. However, as Defendants argue, Plaintiff does not cite to any evidence to support the proposition that Defendants would or should have discovered any alleged defects even if they had taken what she deems "proper actions to determine the overall condition of the Terminal's electrical system," Pl. Resp. Br. 16-17 [DE 94], nor does Plaintiff describe what those "proper actions" might have been. Furthermore, to the extent that Plaintiff is asserting that the electrical problem Alvarez was called to fix was itself a dangerous condition, there is no indication that Defendants should expect that Alvarez, an electrician hired to fix an electrical problem, would "not discover or realize the danger, or will fail to protect themselves against it," in the words of the Restatement. Restatement (Second) of Torts § 343 (1965). Rather, "a landowner who employs a contractor to perform specialized work . . . is entitled to rely on the contractor to comply with appropriate safety standards." *PSI Energy*, 829 N.E.2d at 959. It appears that Plaintiff is arguing that Defendants should have fixed the problems with the electrical system before paying Alvarez, an electrician working for an independent contractor electric company, to fix the electrical problems. The Court will not so hold.

Even assuming that the electrical system could be considered inherently dangerous, Plaintiff does not point to any information indicating that any of the Defendants had actual knowledge of the danger, and certainly no information indicating that Defendants knew more about the particular system and its particular tendencies or dangers than did Alvarez, an electrician. Plaintiff also identifies other problems she alleges Defendants knew or should have known about the Terminal premises, but does not include any argument or citation to the record indicating that Defendants did know about those things, nor that they had any knowledge superior to that of Alvarez. This is not a situation where an electrician called to fix an electrical problem was injured by "a condition not

18

created or addressed by the contractor ([like] a preexisting hole in the roof) or an activity conducted by somebody other than the plaintiff or the plaintiff's employer ([such as] demolition work by another contractor)," situations where it is appropriate to hold the possessor liable for injury to an independent contractor. *PSI Energy*, 829 N.E.2d at 958.

As described above, summary judgment is the "put up or shut up" moment in a lawsuit. Plaintiff has not identified any evidence sufficient to create a dispute of fact indicating that Defendants knew or should have known more about the faults in the electrical system than did the electrician they hired to fix it. Accordingly, Defendants are not liable for the injury to Alvarez, the employee of the independent contractor hired by Defendants.

## CONCLUSION

For the foregoing reasons, the Court hereby: **GRANTS** Savage Services Corporation's Motion to Dismiss [DE 77]; **GRANTS** Defendants' Joint Motion for Summary Judgment [DE 75]; **GRANTS** TRANSFLO and CSX Defendants' Motion to Strike Inadmissible Evidence Cited in Response to Defendants' Motion for Summary Judgment [DE 102]; **GRANTS** Savage Services Corporation's Objection to and Motion to Exclude Exhibit B [DE 106], filed by Defendant Savage on January 10, 2013, and **STRIKES** the document labeled Exhibit B at [DE 104-3].

The Court **DIRECTS** the Clerk of Court to enter judgment in favor of Defendants and against Plaintiff as to all claims in Plaintiff's Complaint.

The Trial setting, the Final Pre-Trial Conference setting, and all other previously established dates and deadlines in this case are hereby **VACATED**.

So **ORDERED** this 2nd day of May, 2013.

s/ Paul R. Cherry<br>
MAGISTRATE JUDGE PAUL R. CHERRY<br>
UNITED STATES DISTRICT COURT

cc: All counsel of record