# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| TRANSFLO TERMINAL SERVICES, INC., )<br>    Cross-Claimant, )<br>     )<br>v. )<br>     )<br>SAVAGE SERVICES CORPORATION, )<br>    Cross-Claim Defendant. ) | CAUSE NO.: 2:10-CV-80-PRC |

## OPINION AND ORDER

This matter is before the Court on Cross Claimant's Motion for Partial Summary Judgment [DE 127], filed by Cross-Claimant Transflo Terminal Services, Inc. ("Transflo") on April 13, 2015, and on Cross-Claim Defendant Savage Services Corporation's Motion for Summary Judgment as to Cross-Claim [DE 134], filed by Cross-Claim Defendant Savage Services Corporation ("Savage") on May 26, 2015. For the reasons set forth below, the Court grants in part and denies in part both motions.

## PROCEDURAL BACKGROUND

This matter originates in a wrongful death action brought by the estate of an electrician. Both Transflo and Savage were named as defendants in that action. Transflo brought a cross-claim against Savage seeking indemnification based on a Master Terminal Services Agreement (Count A) and indemnification based on common law indemnity (Count B).

On May 2, 2013, the Court granted summary judgment in favor of Transflo and Savage in the underlying wrongful death action and dismissed all claims against them. Only the indemnification cross-claim remains pending.

On April 13, 2015, Transflo filed its Cross Claimant's Motion for Partial Summary Judgment. Though Transflo, having prevailed in the underlying action, has no damages to pay, it

seeks indemnification of the costs, fees, and expenses incurred in defending itself against the wrongful death claim. Transflo seeks summary judgment on Count A of the cross-claim. Savage filed a response on May 26, 2015, and Transflo filed a reply on June 12, 2015. On May 26, 2015, Savage filed its Cross-Claim Defendant Savage Services Corporation's Motion for Summary Judgment as to Cross-Claim. Savage seeks summary judgment in its favor on both Count A and Count B. Transflo filed a response on June 12, 2015, and Savage filed a reply on June 19, 2015.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure require that a motion for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Summary judgment is appropriate when no material fact is disputed and the moving parties are entitled to judgment as a matter of law, meaning that no reasonable jury could find for the other party based on the evidence in the record." *Carman v. Tinkes*, 762 F.3d 565, 566 (7th Cir. 2014).

A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323; Fed. R. Civ. P. 56 (a), (c). The moving party may discharge its initial responsibility by simply "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325; *see also Spierer v. Rossman*, 798 F.3d 502, 508 (7th Cir. 2015). When the nonmoving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Celotex*, 477 U.S. at 323, 325; *Spierer*, 798 F.3d at 507-08; *Modrowski v. Pigatto*, 712 F.3d 1166, 1168-69 (7th Cir. 2013).

"Once the moving party puts forth evidence showing the absence of a genuine dispute of material fact, the burden shifts to the non-moving party to provide evidence of specific facts creating a genuine dispute." *Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012). The non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. *See* Fed. R. Civ. P. 56(c)(1), (e); *Flint v. City of Belvidere*, 791 F.3d 764, 769 (7th Cir. 2015) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e) (1986)). Rule 56(e) provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion [or] grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it . . . ." Fed. R. Civ. P. 56(e); *see also Anderson*, 477 U.S. at 248-50.

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Anderson*, 477 U.S. at 255; *McDowell v. Vill. of Lansing*, 763 F.3d 762, 764, 765 (7th Cir. 2014); *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Anderson*, 477 U.S. at 249-50.

## MATERIAL FACTS

On January 26, 2007, Transflo and Savage entered into a Master Terminal Services Agreement ("Agreement"), which governed Savage's operation of a terminal in East Chicago, Indiana. The death at issue in the underlying wrongful death action occurred at this terminal on January 8, 2008. Neither party disputes that the Agreement was in effect at the time of the death.

Section 28 of the Agreement, which is the provision on indemnity, provides:

28.1 Subject to Section 28.2 below, Savage shall defend, protect, indemnify, save and hold harmless TRANSFLO and its affiliates, CSXT, CSX Corporation and NYC (the "CSX Affiliates") against and from any and all claims, losses, damages, including punitive, exemplary and special damages, awards, liability, suits, actions, judgments, settlements, costs and expenses, including reasonable attorneys' fees and costs (collectively, the "Claims") for:

(a) Injury to or death of any person, including the employees of either party, or any CSX Affiliate, or any of its or their other contract employees, without regard to fault; and

(b) Any loss, theft, conversion, destruction of or damage, including environmental impairment, to any real or personal property of any person whomsoever, including agents, Terminal users, servants or employees of TRANSFLO, any CSX Affiliate or Savage, resulting from the activities of Savage in connection with this Agreement.

4

28.2  Savage's obligation to defend, protect, indemnify, save and hold harmless TRANSFLO and the CSX Affiliates pursuant to Section 28.1 above shall not apply:

(a) To the extent any Claim is solely attributable to the acts or omissions of TRANSFLO and/or the CSX Affiliates; or

(b) To the first $250,000.00 of any Claim, to the extent attributable to the acts or omissions of TRANSFLO and/or the CSX Affiliates; or

(c) To the amount of any Claim in excess of $250,000.00 to the extent attributable to the acts or omissions of TRANSFLO and/or the CSX Affiliates where such Claim is not covered by the insurance policies procured under Article 29 below and approved by TRANSFLO which approval shall not be unreasonably withheld.

28.3  With respect to any Claim to the extent attributable to the acts or omissions of TRANSFLO or the CSX Affiliates for which Savage has no obligation pursuant to Section 28.2 above, TRANSFLO shall retain responsibility therefor, including defending, protecting, indemnifying and holding harmless Savage on account thereof.

28.4  Savage shall keep the Terminals and any property thereon owned by TRANSFLO or any CSX Affiliate free of and unencumbered by any liens arising from any and all Claims which are the subject of Savage's duties pursuant to this Article 28.

(Cross-Claimant's Br., Ex. 1 at 21-22).

The underlying wrongful death action, brought in January 2010, was resolved by the Court's grant of dispositive motions in favor of all the defendants, including Transflo and Savage, as to all of the plaintiff's claims. That is, the Court found that neither Transflo nor Savage was liable to any extent for the decedent's injury.

Savage's refusal to defend and indemnify Transflo occurred no later than the filing of its answer to Transflo's cross-claim on November 24, 2010. Transflo settled the appeal for $30,000, and Savage settled the appeal for $15,000. Transflo alleges it is entitled to indemnification from Savage pursuant to Section 28 and seeks to recover $197,517.17 in costs, fees, and expenses

incurred in connection with the wrongful death litigation, including the defense and settlement of the plaintiff's subsequent appeal.

## ANALYSIS

## I. EXPRESS INDEMNITY

In Count A of the cross-claim, Transflo seeks express indemnity from Savage based upon the Agreement. When sitting in diversity, this Court must apply the choice of law rules of Indiana to determine the law which will govern substantive matters in this case. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 495-96 (1941). "Indiana choice of law doctrine favors contractual stipulations as to governing law." *Allen v. Great Am. Reserve Ins. Co.*, 766 N.E.2d 1157, 1162 (Ind. 2002). Further, the Indiana Supreme Court has said that Indiana courts "would not separately analyze and apply the law of different jurisdictions to issues within each claim." *Nat'l Union Fire Ins. Co. of Pittsburg, Pa. v. Standard Fusee Corp.*, 940 N.E.2d 810, 815 (Ind. 2010) (quoting *Simon v. United States*, 805 N.E.2d 798, 801 (Ind. 2004)). The Agreement provides—and the parties agree—that Florida law governs construction of the Agreement.

### A. Duty to Indemnify

Florida law interprets indemnity contracts according to the ordinary rules of contract construction. *Improved Benevolent and Protected Order of Elks of the World v. Delano*, 308 So. 2d 615, 617 (Fla. Dist. Ct. App. 1975). "The intent of the parties and the scope of the indemnification provision are derived from the language of the contract and the circumstances in which it was made. The terms of the contract determine whether the indemnitor is obligated to reimburse the indemnitee for a particular claim." *Fidelity & Guar. Ins. Co. v. Ford Motor Co.*, 707 F. Supp. 2d 1300, 1313 (M.D. Fla. 2010) (citations omitted). Indemnity provisions that are incident to contracts with a main

6

purpose other than indemnification must be construed strictly in favor of the indemnitor. *Bodon Indus. Inc. v. Brown*, 645 So.2d 33, 36 (Fla. Dist. Ct. App. 1994).

The indemnity provisions at issue are found in Part 28 of the Agreement. Section 28.1 provides a general indemnification provision, and then Section 28.2 provides exceptions to 28.1. Section 28.3 clarifies who must bear the responsibility for liability if a 28.2 exception is triggered, and Section 28.4 pertains to liens that may arise as a result of claims subject to indemnification.

The general indemnity provision, Section 28.1, provides, in relevant part:

> 28.1 Subject to Section 28.2 below, Savage shall defend, protect, indemnify, save and hold harmless TRANSFLO and its affiliates, CSXT, CSX Corporation and NYC (the "CSX Affiliates") against and from any and all claims . . . for:
>
> (a) Injury to or death of any person . . . without regard to fault . . . .

(Cross-Claimant's Br., Ex. 1 at 21.)

Section 28.2 provides that Section 28.1 will not apply

> (a) To the extent any Claim is solely attributable to the acts or omissions of TRANSFLO and/or the CSX Affiliates; or
>
> (b) To the first $250,000.00 of any Claim, to the extent attributable to the acts or omissions of TRANSFLO and/or the CSX Affiliates; or
>
> (c) To the amount of any Claim in excess of $250,000.00 to the extent attributable to the acts or omissions of TRANSFLO and/or the CSX Affiliates where such Claim is not covered by the insurance policies procured under Article 29 below and approved by TRANSFLO which approval shall not be unreasonably withheld.

*Id.* at 21-22. Because none of the Section 28.2 exceptions apply to the facts of this case (a fact Savage does not contest), the general provision in Section 28.1 requires Savage to "defend, protect, indemnify, save, and hold harmless" Transflo. Savage advances several arguments in favor of

7

finding that Savage has no obligation to indemnify Transflo, but they all fail as the Court will explain below.

Savage first argues that the indemnity clause is silent as to Savage's obligations when neither party is at fault. This is incorrect. Section 28.1 provides that Savage must defend and indemnify Transflo without regard to fault, which logically includes the scenario where neither party is at fault. These duties in Section 28.1 are only lifted if a Section 28.2 exception is triggered. Consequently, unless an exception applies, Savage owes the duties to Transflo. All of the exceptions are triggered by a finding that Transflo is at least partially at fault for the underlying claim. Therefore, if neither party is at fault, Section 28.2 does not apply and, per Section 28.1, Savage must defend and indemnify Transflo.

Savage next argues that the language and circumstances of the Agreement show that the parties intended to create a comparative fault scheme for the first $250,000 of all indemnity claims. This is contradicted by the provision in Section 28.1(a) that Savage must indemnify Transflo "without regard to fault." Further support for the absence of a comparative fault scheme lies in the Section 28.2 exceptions' focus only on Transflo's liability for claims. Savage's liability is never considered. Instead of a comparative fault scheme, Part 28 is comprised of a general indemnification provision in 28.1—which requires Savage to indemnify Transflo in all wrongful death claims, regardless of fault—and exceptions to the general provision in 28.2 that are contingent on Transflo being to some extent at fault for the underlying claim. Though certain comparisons may be made to comparative fault, this is not a comparative fault scheme.

Savage next asserts that absurd results arise if it is found to have the duty to indemnify Transflo when neither party is found liable. Savage presents the Court with hypothetical scenarios and compares them to the result Transflo argues is mandated by the indemnity provisions:

> Scenario 1 (facts of the present case, using Transflo's interpretation of the Agreement)
> Verdict: $0 + $198,000 defense costs
> Savage's fault: 0%
> Transflo's fault: 0%
> Savage's responsibility: $198,000
> Transflo's responsibility: $0
>
> Scenario 2:
> Verdict: $500,000 (inclusive of defense costs)
> Savage's fault: 50%
> Transflo's fault: 50%
> Savage's responsibility: $250,000
> Transflo's responsibility $250,000 (per Section 28.2(b))
>
> Scenario 3:
> Verdict: $25,000,000 (inclusive of defense costs)
> Savage's fault: 99%
> Transflo's fault: 1%
> Savage's responsibility: $24,750,000
> Transflo's responsibility: $250,000 (per Section 28.2(b))

*See* (Cross-cl. Def.'s Reply 2-3.)

In scenarios 2 and 3, Savage owes no indemnity for the $250,000 Transflo bears under Section 28.2(b). Savage argues it is absurd for Transflo to bear this entire cost when Savage is 50% or 99% at fault and for Transflo to bear none of the cost when Savage is 0% at fault.

It is understandable that Savage has focused on its own percentage of fault. However, that is not the fault considered in the Agreement's indemnity provisions. The above scenarios are all consistent when the focus is placed where Section 28.2 places the focus: on Transflo's amount of fault. In scenario 1, Transflo's 0% fault leads to 0% responsibility for the costs; in scenario 2, 50%

9

fault to 50% costs; and in scenario 3, 1% fault to 1% costs. Given the language of Part 28, requiring Savage to fully indemnify Transflo is not an absurd result.

Savage's next attempt to avoid the duty to indemnify Transflo points to alleged ambiguities in the Agreement. Savage finds it ambiguous for Section 28.1 to be without regard to fault but for Section 28.2 to consider fault. Contrary to Savage's argument, however, there is no ambiguity because 28.2 identifies the circumstances in which 28.1 does not apply. Either 28.1 applies or 28.2 applies to the claim or portion of claim at issue in any given scenario. There is no circumstance where both indemnification standards will need to be applied to the same portion of a claim, so they are free to view the role of fault differently without creating ambiguity.

Savage also asserts that ambiguity is created by the requirement under Florida law that agreements to indemnify parties against their own wrongful acts must do so in clear and unequivocal language. *See Univ. Plaza Shopping Ctr. v. Stewart*, 272 So. 2d 507, 511 (Fla. 1973). Savage posits that, because Florida would require clear and unequivocal language for indemnification for wrongful acts even if the parties are jointly liable, joint innocence also requires clear and unequivocal language. *See Charles Poe Masonry, Inc. v. Spring Lock Scaffolding Rental Equip.*, 374 So. 2d 487, 489-90 (Fla. 1979). Joint innocence is far afield from the joint liability considered by Florida law. The public policy the Florida law promotes is not underwriting wrongful behavior. *Id.* In the instant case, Transflo was not responsible for the death, and while Savage also bore no fault, the innocence of Savage does not negate the innocence of Transflo. The Florida law Savage points to is inapplicable to the present scenario. Though non-insurance indemnification provisions must be construed in favor of the indemnitor, *Bodon Indus. Inc.*, 645 So.2d at 36, there is no ambiguity here to resolve in Savage's favor.

Based on the foregoing, the Court finds that the Agreement applies to situations where both parties are found to have no liability in the underlying action, as is this case. Savage has the duties to defend and indemnify Transflo.

### B. Recoverable Expenses

*1.    Effective Dates of Duty*

Savage argues that Transflo cannot recover the full amount it seeks in indemnification. Savage first contends that its duty to defend Transflo did not begin until the Court made a finding on liability, which it did on May 2, 2013. Savage asserts that it should not be required to pay expenses Transflo incurred before that date. In support, Savage cites to *Joint Medical Products Corp. v. NME Hospitals, Inc.*, 610 So.2d 675, 676 (Fla Dist. Ct. App. 1992). Savage misconstrues that ruling. The *Joint Medical Products* court determined that there could be no finding of common law indemnity before there was a finding of the common law indemnitor's fault. That court did not hold that the duty to defend did not extend to costs accrued before the finding of fault. This Court agrees with Transflo that to so hold would deprive Transflo of the benefit of the bargain of the indemnity provision in the Agreement. Furthermore, the instant count involves express indemnity, which—contrary to common law indemnity—does not always require a finding of the indemnitor's fault. The duty to defend extends to the entire defense of the wrongful death claim, not merely the part of the defense that occurred after this Court found Transflo to be not at fault on the underlying claim.

*2.    Attorney Fees*

Savage asserts that there are genuine disputes as to the recoverability and reasonableness of the attorney fees Transflo seeks to recover. Regarding the recoverability of the attorney fees, Savage

asserts that fees incurred in seeking the right to indemnification are not recoverable. This is a substantive issue, so the Court applies the law of Florida. *See, e.g.*, *Oldenburg Grp. Inc. v. Frontier-Kemper Constructors, Inc.*, 597 F. Supp. 2d 842, 845 (E.D. Wis. 2009) (applying Michigan substantive law); *Estate of Williams v. S. Ind. Gas & Elec. Co.*, 551 F. Supp. 2d 751, 760 (S.D. Ind. 2008) (applying Indiana substantive law).

Florida law provides that, though the general rule is that attorney fees are recoverable in indemnification actions, "attorney's fees incurred in establishing the right to indemnification are not allowable." *Fallstaff Grp., Inc. v. MPA Brickell Key, LLC*, 143 So. 3d 1139, 1143 (Fla. Dist. Ct. App. 2014) (collecting cases). This can only be overcome by clear and unambiguous contractual provision or statutory right, and neither is present here. *Id.* (finding that an indemnity clause covering "any liability under or in connection with the [contract] (including any liability with respect to legal fees or court costs)" was not clear and unambiguous). Though Savage informs the Court that some of Transflo's counsel's billing entries are for work done in establishing the right to indemnification, Savage does not identify the specific entries that it contests. The Court declines to comb through the billing records to determine which line items are recoverable and sets the matter for further briefing.

The parties agree that the reasonableness of attorney fees is a procedural question determined by the case law of the Seventh Circuit Court of Appeals. Attorney fees are awarded at the market rate, and a party's payment of its legal bills when reimbursement of the fees is uncertain alleviates the need for "painstaking judicial review" into the reasonableness of fees claimed. *Taco Bell v. Cont'l Cas. Co.*, 388 F.3d 1069, 1076 (7th Cir. 2004); *see also Balcor Real Estate Holdings, Inc. v. Walentas-Phoenix Corp.*, 73 F.3d 150, 153 (7th Cir. 1996) ("Indeed, [a party's payment of its own

fees] is not 'evidence' about market value; it *is* market value."). Thus, because Savage refused Transflo's demand for defense and indemnification, leaving Transflo uncertain about whether it would be reimbursed for its legal fees, the fees were paid at the market rate and are therefore reasonable.

   3.   *Settlement of Appeal*

Transflo has produced evidence that it settled the appeal of the underlying wrongful death action for $30,000, which is less than 20% of the cost of litigating the matter at the trial level. Further, Transflo's settlement of the appeal, which was made under the auspices of a Seventh Circuit Court of Appeals mediator, was made after Savage refused to indemnify Transflo in the matter. The only evidence Savage provides in support of Transflo's settlement being unreasonable is evidence of Savage's own settlement of the appeal of the underlying claim as to Savage for $15,000.

The availability of indemnification for a settlement is a question of substantive law. *See, e.g.*, *Estate of Williams*, 551 F. Supp. 2d at 760 (applying Indiana substantive law); *Nat'l Tea Co. v. Ryan Aviation Corp.*, 578 F. Supp. 291, 294 (N.D. Ill. 1984) (applying Illinois substantive law).

The general rule under Florida law "is that an indemnitor who has notice of the suit filed against the indemnitee by the injured party and who is afforded an opportunity to appear and defend it is bound by a judgment rendered against the indemnitee as to all material questions determined by the judgment." *Camp, Dresser & McKee, Inc. v. Paul N. Howard Co.*, 853 So. 2d 1072, 1079 (Fla. Dist. Ct. App. 2003); *see also Cont'l Cas. Co. v. Godor*, 476 So. 2d 242, 244 (Fla. Dist. Ct. App. 1985). This notice requirement also applies to claims that are settled. If proper notice is made, "the indemnitee is entitled to indemnity upon proof of its potential liability to the original plaintiff and the reasonableness of the settlement." *Bankers Ins. Co. v. Am. Team Managers, Inc.*, No. 8:10-

CV-2650, 2012 WL 2179117, at *9 (M.D. Fla. June 13, 2012) (citing *Metro. Dade Cty. v. Florida Aviation Fueling Co.*, 578 So. 2d 296, 298 (Fla. Dist. Ct. App. 1991); *Mortg. Guar. Ins. Corp. v. Stewart*, 427 So. 2d 776, 780 n. 2 (Fla. Dist. Ct. App. 1983)); *see also Camp, Dresser & McKee, Inc.*, 853 So. 2d at 1079. "A showing of 'potential liability' is required because the indemnitee must not be a mere volunteer who has settled the underlying claim when there was no exposure to legal liability that obligated him or her to do so." *Camp, Dresser & McKee, Inc.*, 853 So. 2d at 1079-80.

Savage, as Transflo's co-defendant in the underlying litigation and as cross-claim defendant as to the indemnity claim, had proper notice of the suit and opportunity to defend Transflo before the settlement of the appeal. *See Cont'l Cas. Co.*, 476 So. 2d at 244. Accordingly, Transflo must only show potential liability—not actual liability—and reasonableness of the settlement. Admittedly, "Florida law is a bit fuzzy on the question of 'potential liability' in the contractual indemnity context." *Camp, Dresser & McKee, Inc.* 853 So. 2d at 1083. However, "questions pertaining to whether there was 'potential liability' often involve questions of fact." *Id.*

Though "[t]he threshold for 'potential liability' is not high," *id.*, and there have been no claims of fraud or collusion regarding Transflo's settlement of the appeal, Transflo has made no showing whatsoever of its potential liability to Alvarez's estate in the underlying claim as required by Florida law. Further, because Transflo won the underlying case through summary judgment in its favor, potential liability cannot be inferred from the record. *See id.* at 1082 (suggesting a denied motion for summary judgment may be evidence of potential liability). Given Transflo's victory at the trial level in the underlying suit and no showing of potential liability in the instant briefing, the Court is "not convinced that the issue of [indemnitee's] reasonable apprehension of liability . . . was fully aired . . . or is so clearly established on the record that [the Court] should decide it as a matter

14

of law." *Id.* at 1083. Accordingly, summary judgment is not appropriate as to the settlement and is denied. However, the Court's denial of summary judgment should not be construed as an assessment of Transflo's ability to make the required showing of potential liability.

The Court defers addressing Savage's argument regarding the reasonableness of the settlement amount until after potential liability has been determined.

On Count A, the Court holds:

(1) The Master Terminal Services Agreement places on Savage the duties to "defend, protect, indemnify, save[,] and hold harmless" Transflo, including in scenarios where both Savage and Transflo are found to be not at fault in the underlying claim;

(2) Savage must indemnify Transflo's attorney fees, costs, and expenses incurred in litigating the underlying cause of action;

(3) Savage has no duty to indemnify Transflo's fees, costs, and expenses incurred in establishing the right to indemnification; and

(4) Transflo has not met its burden to show that it is entitled as a matter of law to recover the cost of settling the appeal.

## II. IMPLIED INDEMNITY

In Count B of the cross-claim, Transflo seeks implied indemnity from Savage. Implied indemnity requires the indemnitor to be found at fault. *Dade Cty. Sch. Bd. v. Radio Station WQBA*, 731 So. 2d 638, 642 (Fla. 1999); *Indianapolis-Marion Cty. Pub. Library v. Charlier Clark & Linard, PC*, 929 N.E.2d 838, 848 (Ind. Ct. App. 2010). Savage was found to be not at fault. Consequently, Savage owes no indemnity based on implied indemnity to Transflo. The Court grants summary judgment in favor of Savage on Count B of the cross-claim.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS in part and DENIES in part** Cross-Claimant's Motion for Partial Summary Judgment [DE 127] and **GRANTS in part and DENIES in part** Cross-Claim Defendant Savage Services Corporation's Motion for Summary Judgment as to Cross-Claim [DE 134].

The Court **ORDERS** Cross-Claimant Transflo Terminal Services, Inc. to **FILE**, on or before **February 11, 2016**, an affidavit of attorney fees and costs incurred in litigating the underlying litigation but not incurred in establishing the right to indemnification. Cross-Claim Defendant Savage Services Corporation may file a response (as to objections to particular line items only) on or before **February 18, 2016**. Cross-Claimant may file a reply on or before **February 25, 2016**.

A scheduling conference for the remaining issue of indemnification of the settlement on appeal will be set by separate order.

So ORDERED this 29th day of January, 2016.

        s/ Paul R. Cherry
        MAGISTRATE JUDGE PAUL R. CHERRY
        UNITED STATES DISTRICT COURT